UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RHONDA AMBRISTER, individually and as
Legal Guardian of R.D., a minor,

                Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.

22-CV-5516 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff, the legal guardian of a student with a disability, brings this case seeking tuition reimbursement for her unilateral placement of the student in a private school for the 2019–2020, 2020–2021, and 2021–2022 school years, after Plaintiff rejected Defendant's proposed special education plan as inadequate to meet the student's needs. Plaintiff seeks reversal of an adverse decision by a State Review Officer ("SRO") in the administrative proceedings below. Defendant argues that Plaintiff is not entitled to relief because the student was not a resident of the school district. The Court finds that the SRO did not err in giving binding effect to a prior administrative determination that the student was not a resident of the district, which limits the time period the Court considers to the period from February 25, 2020 to March 25, 2020. With respect to that time period, the Court finds that the school district's proposed special education placement was not appropriate to meet the student's needs and that Plaintiff is entitled to retroactive tuition reimbursement. For the other time periods in question, Plaintiff's repeated procedural missteps leave the Court unable to fashion the relief she seeks. For the reasons stated herein, the parties' motions for summary judgment are GRANTED in part and DENIED in part and Plaintiff's motion for a preliminary injunction is DENIED.

## BACKGROUND

### I.    IDEA Statutory Framework

Under the Individuals with Disabilities Education Act (the "IDEA"), states receiving federal special education funding are required to provide free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C. § 1400(d)(1)(A); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014). To provide a FAPE to each student with a disability, a school district must develop an individualized education program ("IEP") that is "reasonably calculated to enable the child to receive educational benefits." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 151).

"The IDEA also requires states to provide an administrative procedure for parents to challenge the adequacy of their children's IEPs." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (citing 20 U.S.C. § 1415(b)(6)). New York has implemented a two-tier system of administrative review. N.Y. Educ. Law § 4404; *see also Ventura de Paulino*, 959 F.3d at 526. In the first tier, a parent can file an administrative due process complaint ("DPC") challenging the IEP and requesting a hearing before an impartial hearing officer ("IHO"). *Ventura de Paulino*, 959 F.3d at 526. In the second tier, parties aggrieved by the IHOs can appeal their decision to an SRO. *Id.*; *see also R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012). "Once the state review officer makes a final decision, the aggrieved party may seek judicial review of that decision in a state or federal trial court." *Ventura de Paulino*, 959 F.3d at 526; *see* 20 U.S.C. § 1415(i)(2)(A).

Section 1415(j) of the IDEA, also known as the "stay-put" or "pendency" provision, provides that "while the administrative and judicial proceedings are pending and unless the school district and the parents agree otherwise, a child must remain, at public expense, in his or

her then-current educational placement." *Id*. "The purpose of this provision is 'to maintain the [child's] educational status quo while the parties' dispute is being resolved.'" *Abrams v. Porter*, No. 20-3899-CV, 2021 WL 5829762, at *1 (2d Cir. Dec. 9, 2021) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 152). "[A] school district is required to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 659 (2d Cir. 2020) (internal quotation marks omitted).

Although the stay-put provision entitles a student to remain at their current educational placement, the New York City Department of Education ("DOE" or the "District") may dispute what constitutes the last agreed upon placement. *See, e.g.*, *Ventura de Paulino*, 959 F.3d at 533 (finding that DOE was not obligated to fund students' placements where parents unilaterally enrolled students in new school that DOE did not approve); *Zvi D. v. Ambach,* 694 F.2d 904, 908 (2d Cir. 1982) (holding that plaintiff-parent was not entitled to reimbursement from DOE where DOE explicitly limited student's "current educational placement" to a specific school year). Thus, until a pendency determination confirming a student's placement is issued, DOE is not obligated to fund that student's tuition or related services. *See Mendez*, 65 F.4th at 60; *Ventura de Paulino*, 959 F.3d at 532.

## II.    Factual Background

Plaintiff Rhonda Ambrister is the legal guardian of R.D. (the "Student").[1] ECF No. 79 ¶ 1. DOE is the local educational agency in the City of New York and is responsible for making

---

[1] As was the case in a related action, this proceeding "was originally commenced by [Rhonda Ambrister] and her husband as legal guardians of the child, but petitioner's counsel advised this Court . . . that petitioner's husband recently died. Ordinarily, the death of a party results in a stay

FAPE available to children with disabilities between the ages of 3 and 21 who reside in the City. *Id*. ¶ 3.

During the 2019–2020 school year, R.D. was thirteen years old. ECF No. 77 ¶ 1. R.D. suffers from a brain injury (that has resulted in global impairments and delays) and has been medically diagnosed with cerebral palsy and a severe seizure disorder. *Id*. ¶¶ 2–3. R.D. is non-verbal, partially ambulatory, and often uses a wheelchair because of her frequent seizures. *Id*. ¶ 4.

R.D. attended Every Child Counts School in the Bahamas until September 2019 when the school closed due to a hurricane. *Id*. ¶ 7; ECF No. 79 ¶¶ 5–6. R.D. and her guardians relocated to New York City in December 2019. ECF No. 79 ¶ 6. Plaintiff enrolled R.D. in the DOE schools. ECF No. 77 ¶ 8.

In January 2020 the Committee on Special Education ("CSE") drafted a Comparable Service Plan ("CSP") for the Student and implementation was offered at DOE's American Sign Language and English Secondary School. *Id*.; ECF No. 79 ¶ 9. The CSE recommended placement in a special education class with a 12:1+(3:1) ratio in a District 75 program. ECF No. 79 ¶ 11. A 12:1+(3:1) ratio refers to having 12 children in the class with one teacher and up to four classroom paraprofessionals or assistant teachers in the classroom. *Id*. ¶ 12. Plaintiff rejected DOE's CSP. ECF No. 77 ¶ 9; ECF No. 79 ¶ 18. In February 2020, Plaintiff sent a Ten-Day Notice to DOE and unilaterally enrolled R.D. at the International Institute for the Brain ("iBRAIN") for the remainder of the 2019-2020 school year. ECF No. 77 ¶ 10–11. In March

---

of the proceedings and requires substitution of a proper legal representative. Where, however, a party's death does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution. Under these circumstances, we discern no need to stay the proceedings in order to render a determination." *Ambrister on Behalf of R.D. v. Rosa*, 200 N.Y.S.3d 549, 550 n.1 (3d Dept 2024) (cleaned up); *see also* ECF No. 77 ¶¶ 52–53.

2020, after the COVID-19 pandemic caused the closure of schools in New York City, Plaintiff and R.D. returned to the Bahamas. *Id*. ¶ 12.

The Student and her family returned to the Bahamas in March 2020. ECF No. 79 ¶ 21. On March 24, 2020, Plaintiff filed an administrative DPC, assigned IHO Case No. 193417, alleging that DOE failed to offer R.D. a FAPE for the 2019–2020 school year and that iBRAIN was an appropriate unilateral placement for R.D., and requesting an Order requiring DOE to fund R.D.'s program at iBRAIN for the 2019–2020 school year. ECF No. 77 ¶ 13. On June 9, 2020, DOE's CSE met to develop an IEP for R.D. for the 2020–2021 school year. *Id*. ¶ 14; ECF No. 79 ¶ 22. Plaintiff rejected the DOE's proposed IEP for the 2020–2021 school year. ECF No. 77 ¶ 15.

On July 6, 2020, Plaintiff filed a DPC (IHO Case No. 196227) for the 2020–2021 school year. *Id*. ¶ 16. The two DPCs were consolidated. *Id*. ¶ 17.

Plaintiff joined a suit in the Southern District of New York requesting a pendency order for R.D.'s 2020–2021 school year. *Id*. ¶ 18. In that case, Judge Schofield denied the motion for an interim pendency order with respect to R.D. *Araujo v. New York City Dep't of Educ.*, No. 20-CV-7032 (LGS), 2020 WL 5701828, at *3–4 (S.D.N.Y. Sept. 24, 2020).

On November 9, 2020, IHO Brown denied Plaintiff's request for a pendency order. ECF No. 77 ¶ 20. On February 10, 2021, IHO Brown's pendency determination was affirmed on appeal in SRO Decision No. 20–199. *Id*. ¶ 21; ECF Nos. 35-1–10 ("Certified Administrative Record" or "R") 17 n.16.

On January 4, 2021, DOE emailed Plaintiff a Prior Written Notice stating that the DOE determined that R.D. was not eligible or entitled to attend DOE schools because she was not a resident of New York City as of March 26, 2020. ECF No. 77 ¶ 23; ECF No. 79 ¶ 36. The DOE's residency determination included notice that it could be appealed to the New York State

Commissioner of Education (the "Commissioner") in accordance with New York State Education Law 310 within 30 days of the date of the determination. ECF No. 79 ¶ 37. Plaintiff appealed the DOE's residency determination to the Commissioner, who issued a stay order on May 10, 2021, directing DOE to treat R.D. as a resident until the appeal of the residency determination was decided. ECF No. 77 ¶ 29–30; R 1481. On September 13, 2021, the Commissioner dismissed Plaintiff's appeal as untimely. ECF No. 77 ¶ 31. On December 14, 2021, Plaintiff initiated an Article 78 Special Proceeding in New York State Supreme Court, Albany County, against the Commissioner and DOE challenging the Commissioner's decision, which the court dismissed, holding that it lacked personal jurisdiction over defendants due to improper service. *Id.* ¶¶ 32, 35. The court denied Plaintiff's motion to reargue. ECF No. 79 ¶ 47. On January 4, 2024, the Third Department affirmed the dismissal, finding that plaintiff failed to establish that she effectuated proper service of the Article 78 petition. *Ambrister on Behalf of R.D*, 200 N.Y.S.3d at 551.

On November 5, 2021, IHO Brown issued a Findings of Fact and Decision ("FOFD") on the merits of Plaintiff's claims involving R.D.'s 2019–2020 and 2020–2021 school years, finding that the January 3, 2020 CSP failed to provide R.D. a FAPE and that Plaintiff's unilateral placement at iBRAIN was appropriate for the limited period from February 25, 2020 to March 25, 2020. ECF No. 77 ¶¶ 25–26; ECF No. 79 ¶ 57. Based on the District's residency determination, the FOFD found that "I am constrained to find that the Student was not eligible to attend District schools or to receive any special education services therefrom, from March 26, 2020 through the 2020-2021 school year." R 33. Accordingly, IHO Brown ordered that "[t]he District shall pay the Student's 2019-2020 school year tuition, for only the period from February 25, 2020 through and including March 25, 2020, together with the cost of the related services, by direct payment to the school." R 39. IHO Brown previously denied Plaintiff's request for an

interim order of pendency because Plaintiff's March 24, 2020 DPC did not contain a request for interim pendency and because Plaintiff was collaterally estopped from arguing pendency due to Judge Schofield's holding in *Araujo*. ECF No. 79 ¶ 51; R 30. Plaintiff and DOE both appealed IHO Brown's November 5, 2021 FOFD. ECF No. 79 ¶¶ 60–61.

On July 6, 2021, Plaintiff filed a DPC (IHO Case No. 210820) for the 2021–2022 school year. ECF No. 77 ¶ 41. On November 10, 2021, IHO Jennifer Mazzei granted DOE's motion to dismiss this DPC, holding that R.D. had already been determined to be a non-resident and had yet to reapply to New York City schools. *Id.* ¶ 43. IHO Mazzei explained that all parties were in agreement that an IHO did not have the authority to determine residency of a student, as that was solely within a school district's board of education or its designee's discretion to determine. ECF No. 79 ¶ 66. IHO Mazzei further explained that, because the school district had made the determination that the Student was not a resident, and because the Commissioner of Education had dismissed the appeal, the law of the case dictated that the Student was not a resident, and therefore the case must be dismissed. *Id.* ¶ 67. On December 20, 2021, Plaintiff appealed IHO Mazzei's decision to the Office of State Review under SRO Appeal No. 21-248. ECF No. 77 ¶ 44.

On February 28, 2022, SRO Steven Krolak issued a joint decision on SRO Nos. 21-247 and 21-248. *Id.* ¶ 45. SRO Krolak dismissed Plaintiff's appeal in SRO No. 21-247, holding that both IHOs correctly relied on the Commissioner's September 2021 residency determination, and that IHO Brown erred in finding that the CSP was inappropriate to meet R.D.'s needs. *Id.* ¶ 46; ECF No. 79 ¶ 72. SRO Krolak sustained in part and remanded in part Plaintiff's appeal in SRO No. 21-248. ECF No. 77 ¶ 47. SRO Krolak determined that, "regardless of the merits of the district's January 2021 determination that the student was not a resident of the district as of

March 2020, the parents cannot collaterally attack that decision in these proceedings as the parents' appeal of that decision was litigated and decided by the Commissioner of Education." R 21. However, SRO Krolak held that due to the Commissioner's May 10, 2021 stay order, the DOE was required to provide R.D. a FAPE from May 10, 2021 to September 13, 2021, as well as from early January 2020 to March 25, 2020. ECF No. 77 ¶ 48; R 22–23. SRO Krolak remanded to IHO Mazzei the issue of whether the DOE had provided R.D. with a FAPE for the limited time of May 10, 2021 to September 13, 2021. ECF No. 77 ¶ 49. SRO Krolak did not address the issue of pendency, which was adjudicated in a prior SRO decision. *Id*. ¶ 50; ECF No. 79 ¶ 52. Regarding the period from February 25, 2020 to March 25, 2020, SRO Krolak determined that IHO Brown erred in finding that the January 2020 CSP denied R.D. a FAPE. R 25.

On June 28, 2022, Plaintiff filed this action. ECF No. 1.

On April 24, 2024, IHO Mazzei issued a FOFD finding that the DOE provided the student with a FAPE between May 10, 2021 and June 10, 2021, but that the DOE denied the student a FAPE between June 11, 2021 and September 13, 2021. ECF No. 87 at 2. IHO Mazzei ordered the DOE to fund the student's tuition at iBRAIN from June 11, 2021 to September 13, 2021. *Id*. Both parties appealed. *Id*.

On July 3, 2024, SRO Krolak issued a decision (SRO 24-215). *Id*. SRO Krolak found that the DOE offered the student a FAPE from May 10, 2021 through September 13, 2021, and denied all relief requested by Plaintiff. *Id*. SRO Krolak concluded that the June 2020 IEP was reasonably calculated to enable the student to receive educational benefits. *Id*. SRO Krolak further concluded that the May 2021 CSE recommended placement of a 12:1+(3:1) special class was appropriately tailored to the student's individualized needs. *Id*. Having concluded that the DOE offered a FAPE, SRO Krolak did not determine whether iBRAIN was an appropriate

placement or whether the equities favored the parent. *Id*. Plaintiff intends to appeal from this determination to federal district court. *Id*.

## III.    Procedural History

Plaintiff brings this action against the DOE alleging that R.D. was denied a FAPE for the 2019–2020, 2020–2021, and 2021–2022 school years. FAC ¶¶ 62–151. Plaintiff seeks reversal of the adverse February 28, 2022 combined decision by SRO Krolak in the administrative proceedings below and requests an order requiring the DOE to directly reimburse R.D.'s tuition and related services for the 2019–2020, 2020–2021, and 2021–2022 school years, as well as costs, expenses, and attorneys' fees. *Id*. at 22–23.

Plaintiff moves for a preliminary injunction declaring R.D.'s pendency placement at iBRAIN until this matter has been concluded, and for summary judgment finding that R.D. was denied a FAPE by the DOE, that iBRAIN was an appropriate unilateral placement, and that equities favor full funding of R.D.'s placement by Plaintiff. ECF No. 76. Defendant moves for summary judgment to dismiss the FAC in its entirety on the basis that (1) Plaintiff's claims are barred by collateral estoppel and *res judicata* due to the Commissioner's residency determination and (2) Plaintiff has failed to exhaust their administrative remedies as to the question of whether the Student received a FAPE during the period of May 10, 2021 to September 13, 2021. ECF No. 71.

## LEGAL STANDARD

"In a district court proceeding under the IDEA, the parties and the court typically style the decision as a ruling on a motion for summary judgment, but 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't*

*of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). "The district court therefore 'engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence.'" *Id*. (quoting *M.H.*, 685 F.3d at 240). In conducting this independent review, the court "must give due weight to the state administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id*. (quoting *M.H.*, 685 F.3d at 240). Where an IHO and SRO reach conflicting conclusions, the court "must defer to the SRO's decision on matters requiring educational expertise unless it concludes that the decision was inadequately reasoned, in which case a better-reasoned IHO opinion may be considered instead." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012). "On issues of law, however, such as the proper interpretation of the federal statute and its requirements, courts owe no deference to state hearing officers." *C.S.*, 990 F.3d at 165 (internal citation and quotation marks omitted). "When parents seek to overturn an SRO's decision, they bear the burden of demonstrating that the decision was insufficiently reasoned or supported." *Phillips v. Banks*, No. 23-362-CV, 2024 WL 1208954, at *2 (2d Cir. Mar. 21, 2024) (internal citation omitted).

## DISCUSSION

The Court turns first to the parties' motions for summary judgment, finding that the SRO did not err in giving preclusive effect to the prior administrative residency determination that was adverse to Plaintiff. The Court also grants Defendant's motion on the issue of exhaustion of administrative remedies, finding that Plaintiff did not exhaust administrative remedies for the time period from May 10, 2021 to September 13, 2021 before bringing this suit. The Court grants in part (for the period from February 25, 2020 to March 25, 2020) Plaintiff's motion seeking retroactive reimbursement for R.D.'s enrollment at iBRAIN, and denies Plaintiff's

motion in all other respects. Plaintiff's motion for a preliminary injunction is denied because the issue of pendency is not properly before the Court; Plaintiff failed to timely appeal the administrative decision on pendency and Plaintiff's request concerns the time periods subject to the adverse residency determination properly afforded preclusive effect.

## I.    The Summary Judgment Motions Are Granted in Part and Denied in Part

The Court turns first to Defendant's motion for summary judgment because its disposition in large part forecloses the relief that Plaintiff seeks.

### A.  The SRO Did Not Err in Giving Preclusive Effect to the Prior Residency Determination

As both parties recognize (ECF No. 71 at 10; ECF No. 80 at 7), residency is a threshold consideration that "triggers a district's FAPE obligations." *E.T. v. Bd. of Educ. of Pine Bush Cent. Sch. Dist.*, No. 11-CV-5510 (ER), 2012 WL 5936537, at *14 (S.D.N.Y. Nov. 26, 2012). On January 4, 2021, DOE informed Plaintiff that R.D. was not eligible or entitled to attend DOE schools because she was not a resident of New York City as of March 26, 2020. Plaintiff's appeal of this determination to the Commissioner was dismissed as untimely. Plaintiff's Article 78 action challenging the Commissioner's decision was dismissed for lack of personal jurisdiction due to improper service. The Third Department affirmed this dismissal. Multiple IHO and SRO decisions have now relied on the District's residency determination to preclude relitigation of the issue. R 20–22, 33, 149; ECF No. 87-2 at 8; ECF No. 77 ¶ 43. All parties, including Plaintiff, previously agreed that an IHO does not have authority to determine the residency of a student in New York and that residency is a matter within the exclusive jurisdiction of the Commissioner. R 31, 149, 327, 1609, 1645, 1713–14. SRO Krolak stated that "[t]ypically challenges to district determinations on residency are resolved by the Commissioner of Education, and the IDEA does not clearly set forth procedures that must be employed by a State to resolve residency disputes

involving students with disabilities." R 20 (cleaned up). SRO Krolak found that the District's

residency determination remained in effect for the 2021–2022 school year because it was

unchallenged by Plaintiff and R.D. had not reapplied for admission to the District for that school

year. R 22 n.20.

The doctrine of *res judicata*, or claim preclusion, "dictates that 'a final judgment on the

merits in one action bars subsequent relitigation of the same claim by the same parties.'" *Toth v.

New York City Dep't of Educ.*, No. 21-CV-4245 (AMD), 2023 WL 121733, at *4 (E.D.N.Y. Jan.

5, 2023) (quoting *Greenberg v. Bd. of Governors of Fed. Rsrv. Sys.*, 968 F.2d 164, 168 (2d Cir.

1992)). "This defense applies to judgments by courts and administrative agencies alike, so long

as the agency acts in an adjudicative capacity." *Id.* (citing *Greenberg*, 968 F.2d at 168). "The

party raising the defense must show that '(1) the previous action involved an adjudication on the

merits; (2) the previous action involved the plaintiffs; and (3) the claims asserted in the

subsequent action were, or could have been, raised in the prior action." *Id.* (quoting *Monahan v.

New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). Although, "district courts

should 'defer to the SRO's decision on matters requiring educational expertise unless they

conclude that the decision was inadequately reasoned," an IHO or SRO decision to give *res

judicata* effect to a prior administration decision is a "purely legal determination" owed no

deference by a reviewing federal court. *Id.* at *7 (quoting *R.E.*, 694 F.3d at 189; citing *Wilson v.

HSBC Bank, USA*, 834 F. App'x 607, 608–09 (2d Cir. 2020)). In IDEA cases, courts in this

Circuit regularly apply *res judicata* to administrative proceedings "when the agency is acting in a

judicial capacity." *K.B. v. Pearl River Union Free Sch. Dist.*, No. 10-CV-9170 (VB), 2012 WL

234392, at *5–6 (S.D.N.Y. Jan. 13, 2012); *see also Grenon v. Taconic Hills Cent. Sch. Dist.*, No.

05-CV-1109 (LEK), 2006 WL 3751450, at *6 (N.D.N.Y. Dec. 19, 2006) (upholding an SRO's

invocation of *res judicata* where the plaintiff had litigated identical claims in an earlier administrative proceeding).

SRO Krolak[2] (and IHO Brown, *see* R 33) did not err in giving preclusive effect to the District's residency determination. *See* R 13–15. The prior action clearly involved the same parties and claim of residency that Plaintiff seeks to relitigate here. The Commissioner's dismissal of Plaintiff's appeal as time-barred constitutes an adjudication on the merits. *See Palmer-Williams v. United States*, 699 F. App'x 1, 3 (2d Cir. 2017) (internal citation and quotation marks omitted) ("The longstanding rule in this Circuit is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits."); *Cohen v. Glass*, 100 N.Y.S.3d 872, 873 (1st Dept 2019) (citing *Smith v. Russell Sage Coll.*, 429 N.E.2d 746, 750 (N.Y. 1981)) ("Because a dismissal on the ground that the statute of limitations has expired is a determination on the merits for res judicata purposes, the dismissal of the prior lawsuit precludes this action."); *Bank of Am., N.A. v. Ali*, 163 N.Y.S.3d 156, 164 (2d Dept 2022) (internal citations omitted) ("[D]ismissal on the ground of the statute of limitations is considered to be on the merits for res judicata purposes . . . ."). Plaintiff's then-pending (at the time this action was filed) and now-dismissed Article 78 petition does not change this conclusion. *See Palmer-Williams*, 699 F. App'x at 3 (citing *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("[T]he law is well-settled that the preclusive effect of a judgment is immediate, notwithstanding a pending appeal."). Thus, SRO Krolak did not err in finding that *res judicata* precluded relitigation of the District's residency determination.

---

[2] The instant action seeks to reverse the February 22, 2022 decision of SRO Krolak. FAC ¶¶ 152–159; R 1–26.

*Res judicata* constrained the SRO from disturbing the prior administrative residency determination, including its retroactive effect, irrespective of the merits of that prior determination.[3] SRO Krolak also found that "the IHO's finding that the parents had not reenrolled the student in the district and that, therefore, the district's residency determination remained in effect for the 2021–22 school year is not challenged by the parents and is, therefore, final and binding, and will not be further discussed." R 22 n.20. Plaintiff provides no legal basis to challenge the SRO's decision to give binding effect to the adverse residency determination for the 2021–22 school year. Thus, the Court finds that the SRO did not err in concluding that "the student was entitled to attend the schools of the district as a resident student from approximately early January 2020 (shortly after the student moved to the district) through March 26, 2020 (the date on which the district retroactively determined the student was not a resident of the district), as well as from May 10, 2021 (the date of the stay order) through September 13, 2021 (the date of the Commissioner of Education's decision dismissing the parents' petition)." R 22–23.

---

[3] SRO Krolak stated:

> With respect to the parents' challenge to the merits of the district's January 2021 determination, the Commissioner noted that "[a]lthough the appeal must be dismissed, the process followed by respondent here was deficient" for the same reasons as cited in another decision regarding the same district and a different student (*Appeal of R.A. and D.A.*, 61 Ed. Dep't Rep., Decision No. 18,047; *see Appeal of A.L. and E.A.-L.* 61 Ed Dept Rep, Decision No. 18,041). In the cited decision, the Commissioner noted that a district cannot make residency determinations with retroactive effect and that the district must provide parents with the "opportunity to submit information concerning the child's right to attend school in the district" (*Appeal of A.L. and E.A.-L.* 61 Ed Dept Rep, Decision No. 18,041).

 R 21 n.18; *see also Phillips v. Indep. Sch. Dist. No. 3 of Okmulgee Cnty.*, No. 16-CV-561 (RAW), 2018 WL 442997, at *3 n.7 (E.D. Okla. Jan. 16, 2018) (rejecting argument that "a student's non-residence in the school district retroactively absolves the district of responsibility under the IDEA").

Plaintiff's argument – that affirming the SRO decision to give preclusive effect to the prior residency determination contravenes the federal right of action in the IDEA – is unavailing. *See* ECF No. 80 at 4. The IDEA provides a federal right of action to parties aggrieved by the final decision of the officer of the state educational agency. 20 U.S.C. § 1415(i)(2); *see also Ventura de Paulino v. N.Y.C. Dep't of Educ.*,, 959 F.3d 519, 526 (2d Cir. 2020) ("Once the state review officer makes a final decision, the aggrieved party may seek judicial review of that decision in a state or federal trial court."); *A. ex rel. A. v. Hartford Bd. of Educ.*, 976 F. Supp. 2d 164, 175–76 (D. Conn. 2013). The district court conducts an independent review of the administrative proceedings on appeal. *C.S.*, 990 F.3d at 165. This is not a case where the Court gives preclusive effect to the IHO or SRO decision itself. *See F.M. ex rel. Ms. M. v. Anderson Ctr. for Autism*, No. 13-CV-41 (GTS), 2014 WL 4457256, at *16–17 (N.D.N.Y. Sept. 10, 2014) ("[I]f the federal action is filed within the four-month deadline, preclusive effect is not given to the SRO decision. . . . However, if the federal action is not filed within the four-month deadline, courts generally appear to give preclusive effect to the SRO decision (barring a challenge to that decision)."). Here, the Court simply reviews the SRO's application of *res judicata* to the prior residency determination and finds it not to be in error. Plaintiff's argument that such review contravenes Section 1415(i)(2) is meritless.

The fact that DOE developed IEPs for R.D. for subsequent school years after its January 2021 residency determination, *see* ECF No. 80 at 11, does not negate the application of *res judicata*.[4] The Commissioner's decision noted that Plaintiff had the right to reapply for

---

[4] The Court also agrees that while "it could be argued that the development of an IEP by the DOE despite the ruling of the commissioner indicates that the DOE accepted as fact that Student was a resident of New York City, given the considerably lengthy legal history involved with this Student . . . the DOE's attempt to mitigate any potential claims resulting from an allegation of denial of FAPE should not be held against them in this proceeding." ECF No. 87-1 at 15.

admission on the Student's behalf. R 15. As noted above, based on the present record, where

Plaintiff did not challenge the IHO finding that she had not reenrolled R.D. in the District,

Plaintiff provides no legal basis to reverse the SRO's decision giving binding effect to the

adverse residency determination. Plaintiff's repeated procedural missteps constrain the scope of

the Court's review. Thus, the only time period at issue in this litigation in which Plaintiff was

enrolled at iBRAIN and deemed a resident of the District entitled to a FAPE is February 25, 2020

to March 25, 2020. *See* R 34, 37.

Plaintiff also argues that, based on the Commissioner's stay order, R.D. should be

deemed a resident of the District from March 26, 2020 to May 9, 2021. ECF No. 80 at 8–11.

However, the language of the stay order belies Plaintiff's interpretation. The Commissioner's

stay order stated that DOE be "directed to admit [R.D.] to the schools of the district tuition free,

pending an ultimate determination of the appeal herein. [DOE] shall be deemed the students'

school district of residence during the pendency of this appeal, which shall include responsibility

for offering and providing a [FAPE] to the student." R 1481. The language of the stay counsels in

favor of prospective, rather than retrospective, effect. Thus, at this juncture, the Court does not

consider the time period from the May 10, 2021 stay order extending back to March 26, 2020

and only considers whether Plaintiff is entitled to retroactive reimbursement for the placement at

iBRAIN from February 25, 2020 to March 25, 2020.

### B. Plaintiff Failed to Exhaust Administrative Remedies for the Time Period from May 10, 2021 to September 13, 2021 Before Filing Suit

"The IDEA requires plaintiffs to exhaust their administrative remedies before filing an

action in federal court." *Simmons v. Murphy*, No. 23-288-CV, 2024 WL 2837625, at *3 (2d Cir.

June 5, 2024) (citing *Ventura de Paulino*, 959 F.3d at 530); *see also* 20 U.S.C. § 1415(i)(1)(A).

"A plaintiff's failure to exhaust her IDEA remedies deprives the court of subject matter

jurisdiction." *Simmons*, 2024 WL 2837625, at *3 (cleaned up). A challenge to the adequacy of a student's IEP or special educational program is "'a textbook example of the types of cases justifying administrative exhaustion.'" *Cave v. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 246 (2d Cir. 2008), *abrogated on other grounds by Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142 (2023) (internal citation omitted).

Plaintiff did not exhaust administrative remedies with respect to the time period from May 10, 2021 to September 13, 2021 before filing this action. *See Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15-CV-9679 (NSR), 2019 WL 2171140, at *5 (S.D.N.Y. May 20, 2019) ("[I]n reiterating that IHO and SRO have not yet addressed FAPE for 2014-2015, [Plaintiff] shows that the Court cannot assess a FAPE for that year as the issue is not administratively exhausted."). The issue of whether DOE provided R.D. a FAPE during this time period was remanded by the 2022 SRO decision on appeal here and then subsequently adjudicated in 2024 IHO and SRO decisions that are not on appeal here. Plaintiff intends to file an appeal of those decisions in a separate federal action. Accordingly, and for the reasons set forth in the previous section, the Court only considers whether Plaintiff is entitled to retroactive reimbursement for the placement at iBRAIN from February 25, 2020 to March 25, 2020.

### C. Plaintiff Is Entitled to Retroactive Tuition Reimbursement for the Period from February 25, 2020 to March 25, 2020

The Court agrees with IHO Brown, and disagrees with SRO Krolak, on the issue of retroactive reimbursement for R.D.'s placement at iBRAIN from February 25, 2020 to March 25, 2020. IHO Brown found that the January 3, 2020 CSP failed to provide R.D. a FAPE and that Plaintiff's unilateral placement at iBRAIN was appropriate for the limited period from February 25, 2020 to March 25, 2020. SRO Krolak reversed, finding that IHO Brown erred in finding that

the January 2020 CSP denied R.D. a FAPE. The following framework guides the Court's

analysis:

> Parents who are dissatisfied with their child's education can unilaterally change
> their child's placement during the pendency of review proceedings and can,
> for example, pay for private services, including private schooling. They do so,
> however, at their own financial risk. They can obtain retroactive reimbursement
> from the school district *after* the IEP dispute is resolved, if they satisfy a three-
> part test that has come to be known as the *Burlington-Carter* test. A parent can
> obtain such reimbursement if: (1) the school district's proposed placement
> violated the IDEA by, for example, denying a FAPE to the student because the
> IEP was inadequate; (2) the parents' alternative private placement was
> appropriate; and (3) equitable considerations favor reimbursement.

*Ventura de Paulino*, 959 F.3d at 526–27 (internal citations and quotation marks omitted).

The Court considers each prong of the *Burlington-Carter* test in turn, finding that IHO

Brown correctly concluded that they favor Plaintiff.

### 1. The January 2020 CSP Did Not Provide R.D. a FAPE

The Court agrees that the school district's proposed special education placement did not

provide R.D. with a FAPE. For the reasons IHO Brown found, the proposed 12:1+(3:1) class was

clearly inadequate and insufficiently supportive for R.D.'s needs. R 35. Without addressing the

substance of the CSP, SRO Krolak concluded that IHO Brown "erred in finding that the

comparable services plan was inappropriate to meet the student's needs and that, as a result, the

district denied the student a FAPE for the period of February 25, 2020, when the student was first

enrolled at iBrain, through March 25, 2020." R 25. SRO Krolak erred.

The SRO decision confused procedure with substance. A "parent can prove a FAPE

deprivation by establishing either that (1) the state did not comply with the procedural

requirements of the IDEA; or (2) an IEP was not reasonably calculated to enable the child to

receive educational benefits." *Cianciotto on behalf of D.S. v. New York City Dep't of Educ.*, 600

F. Supp. 3d 434, 454 (S.D.N.Y. 2022) (internal citation omitted). SRO Krolak focused on the first

type of FAPE deprivation, reasoning that "although the district may have made some procedural missteps in the process of engaging in educational planning for the student, any procedural violations did not impede the student's right to a FAPE, significantly impede the parents' opportunity to participate in the decision-making process regarding the provision of a FAPE to the student, or cause a deprivation of educational benefits." R 24. Regardless of the import of the District's "procedural missteps," SRO Krolak did not undertake an analysis of the substantive adequacy of the CSP. The SRO nonetheless concluded that "although the comparable services plan was not appropriately based on an IEP developed by another school district subject to the IDEA, it offered the student a program and services that represented <u>more</u> than the student was entitled to under the applicable provisions of the IDEA and State regulations." *Id*. R.D. was entitled to a FAPE, and the CSP did not provide one. IHO Brown was correct to find that, because the CSP was inappropriate to meet R.D.'s needs, the District denied the student a FAPE for the period from February 25, 2020 through March 25, 2020.

### 2. The IHO Did Not Err in Finding iBRAIN an Appropriate Placement

SRO Krolak did not reach, and Defendant does not contest, the second prong of the *Burlington-Carter* test. For the reasons set forth in IHO Brown's decision, the Court agrees that the record indicates that R.D.'s placement at iBRAIN was appropriate for the period from February 25, 2020 through March 25, 2020. R 36–37.

### 3. The Balancing of Equities Favors Plaintiff

Equitable considerations under the third prong of the *Burlington-Carter* test include "the reasonableness of the action taken by the parents . . . ." *L.K. v. New York City Dep't of Educ.*, 674 F. App'x 100, 100 (2d Cir. 2017) (quoting *Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 363–64 (2d Cir. 2006)). Courts should also consider "the parties' compliance or noncompliance

with state and federal regulations pending review." *J.L. v. New York City Dep't of Educ.*, No. 15-CV-1200 (CBA), 2016 WL 6902137, at *8 (E.D.N.Y. Nov. 22, 2016) (internal citation omitted). "Important to the equitable consideration is whether the parents obstructed or were uncooperative in the school district's efforts to meet its obligations under the IDEA." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 840 (2d Cir. 2014) (internal citation omitted).

Equitable considerations favor Plaintiff. Plaintiff gave DOE timely written notice of her intention to place R.D., at public expense, at iBRAIN for the latter part of the 2019–20 school year. R 38. The record does not indicate that Plaintiff failed to cooperate in any way with the CSE. *Id*. Nonetheless, Defendant argues that the equities disfavor Plaintiff because Plaintiff's actions evinced a "lack of intention to enroll the Student in public school." ECF No. 78 at 10. IHO Brown correctly rejected this argument. R 38; *see also C.L.*, 744 F.3d at 840 (internal citation omitted) ("As the IHO noted, the parents cooperated with the District in its efforts to meet its obligations under the IDEA. Hence, their pursuit of a private placement was not a basis for denying their tuition reimbursement, even assuming, as the District contended before the IHO, that the parents never intended to keep C.L. in public school for the 2008–09 school year.").

IHO Brown correctly concluded that each of the *Burlington-Carter* factors favor Plaintiff. Thus, the Court finds that Plaintiff is entitled to reimbursement for the cost of R.D.'s enrollment at iBRAIN for the period from February 25, 2020 to March 25, 2020. In all other respects, Plaintiff's motion for summary judgment is denied.

## II.    The Preliminary Injunction Motion Is Denied

This case concerns the 2019–2020, 2020–2021, and 2021–2022 school years. *See* FAC. Plaintiff seeks a preliminary injunction establishing iBRAIN as R.D.'s IDEA "stay-put"

placement from the filing of the March 24, 2020 DPC[5] through to the present, inclusive of all

three of the aforementioned school years. ECF No. 76 at 1, 10–11; ECF No. 80 at 12. However, a

student's residency in the school district is a prerequisite to the school district's FAPE

obligations. *E.T. v. Bd. of Educ. of Pine Bush Cent. Sch. Dist.*, No. 11-CV-5510 (ER), 2012 WL

5936537, at *14 (S.D.N.Y. Nov. 26, 2012). Although "[a] claim for tuition reimbursement

pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for

tuition reimbursement pursuant to the inadequacy of an IEP," *Doe v. E. Lyme Bd. of Educ.*, 790

F.3d 440, 453 (2d Cir. 2015) (internal citation omitted), IDEA's "stay-put" provision does not

apply to time periods in which a student is not domiciled within the school district for residency

purposes, *see K. K.-M. v. Gloucester City Bd. of Educ.*, No. 19-CV-15808 (RBK), 2020 WL

5015485, at *4 (D.N.J. Aug. 25, 2020) ("Because Plaintiff is seeking to hold the District liable

for actions that occurred well after A.W. and R.M. ceased to reside in the District . . . they have

no claim for compensatory education.").[6] As discussed previously, the only time period before

the Court in which Plaintiff was enrolled at iBRAIN and deemed a resident of the District

entitled to a FAPE is February 25, 2020 to March 25, 2020, and the Court has already granted

reimbursement for this time period. Plaintiff's request for injunctive relief – which concerns the

time periods presently subject to the adverse residency determination – cannot be considered.

---

[5] "[A]n educational agency's obligation to maintain stay-put placement is triggered when an administrative due process proceeding is initiated, not when an impasse is reached." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015).

[6] In *K. K.-M.*, the court affirmed a prior administrative determination that found that IDEA's "stay-put" provision does not apply to a school district for time periods in which a student is "not domiciled within a district for residency purposes . . . ." *Id*. at *2–3; *see also K-M. v. New Jersey Dep't of Educ.*, No. 17-CV-11579 (ESK), 2024 WL 2045643, at *14 (D.N.J. May 7, 2024) (quoting the ALJ finding that "petitioner failed to show that 'stay-put' was applicable" to time period in which students did not reside in the district).

Moreover, IHO Brown already denied Plaintiff's request for a pendency order and, on February 10, 2021, IHO Brown's pendency determination was affirmed on appeal by the SRO. ECF No. 77 ¶ 21; R 17 n.16. The four-month window to appeal the SRO decision on pendency has long since elapsed. *See F.M.*, 2014 WL 4457256, at *17 n.8 ("The Second Circuit has determined that an action under § 1415 of the IDEA appealing an administrative proceeding is analogous to an Article 78 proceeding and therefore, the four month statute of limitations applicable to Article 78 proceedings applies to such actions."). Thus, Plaintiff's request for a preliminary injunction establishing pendency is denied.

## CONCLUSION

For the reasons set forth herein, Defendants' motion for summary judgment is GRANTED in part and DENIED in part. The SRO did not err in giving preclusive effect to the prior administrative residency determination that was adverse to Plaintiff. And Plaintiff failed to exhaust administrative remedies for the time period from May 10, 2021 to September 13, 2021 before bringing this suit.

Plaintiff's motion seeking retroactive reimbursement for R.D.'s enrollment at iBRAIN is GRANTED in part and DENIED in part. Defendant is ordered to fund R.D.'s placement at iBRAIN for the period from February 25, 2020 to March 25, 2020. Plaintiff's motion for summary judgment is DENIED in all other respects. For the reasons stated in Section II, Plaintiff's motion for a preliminary injunction is DENIED.

As the rulings in this Order resolve all the parties' disputes, the parties shall confer and, no later than **September 20, 2024**, shall jointly propose a deadline by which they are prepared to file a proposed judgment consistent with this Order. In that joint submission, Plaintiff shall further advise whether she intends to move for attorneys' fees in this action.

The Clerk of Court is directed to terminate ECF Nos. 70 and 72.

Dated: August 20, 2024
New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge